OPINION
{¶ 1} Appellant, Mary C. Householder, appeals from the January 10, 2003 judgment of the Ohio Board of Tax Appeals ("BTA") reversing the May 17, 2001 order of the Franklin County Board of Revision ("BOR"). For the following reasons, we affirm the judgment of the BTA.
 {¶ 2} On March 30, 2000, the Board of Education of Columbus City Schools ("BOE") filed an original complaint with the BOR seeking an increase in the true value of the property located at 1848 Tamarack Circle South, Columbus, for the 1999 tax year. On April 11, 2001, the BOR held a hearing in response to the BOE's complaint. At the hearing, the BOE offered a warranty deed and conveyance fee statement indicating a sale of the property for $315,000 on December 5, 1997. Appellant testified at the hearing. On May 17, 2001, the BOR held that the value of the property should be increased from $200,000 to $214,000. The BOE appealed the decision of the BOR to the BTA. In its January 10, 2003 order, the BTA reversed the decision of the BOR and held that the true value of the property was $315,000, the 1997 sale price of the property, rather than $214,000. Appellant appeals from the order of the BTA and assigns the following errors:
I. The BTA Erred and Made an Unreasonable and Unlawful Decision by Changing the Subjective Standard to an Objective Standard and Thereby Improperly Shifting the Burden of Proof to the Appellant after She Made a Subjective Showing of Economic Compulsion.
II. The BTA Erred and Made an Unreasonable and Unlawful Decision When It Overturned the BOR's Decision Upon the Basis that the BOR "was under a misapprehension as to the actual sale date."
II. The BTA Erred and Made Unreasonable and Unlawful Decision by Refusing to Consider the Appraisal Evidence Presented by Ms. Householder and Refusing to Ultimately Adopt That Evidence in Setting the True Value of the Property as the BOE Presented No Evidence of the Property's True Value.
 {¶ 3} R.C. 5717.04, which sets forth this court's standard of review for appeals from the BTA, provides in part:
If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.
Thus, we must affirm the decision of the BTA unless that decision was unreasonable or unlawful.
 {¶ 4} In her first and third assignments of error, appellant challenges the BTA's determination that the December 1997 sale of the property was an arm's-length transaction and was the best evidence of true value. Consequently, we will address them together.
 {¶ 5} R.C. 5713.03 provides, in pertinent part, as follows:
The county auditor, from the best sources of information available, shall determine, as nearly as practicable, the true value of each separate tract, lot, or parcel of real property and of buildings, structures, and improvements located thereon * * *. In determining the true value of any tract, lot, or parcel of real estate under this section, if such tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes. * * *
 {¶ 6} In construing R.C. 5713.03, the Ohio Supreme Court has held that "[t]he best evidence of the `true value in money' of real property is an actual, recent sale of the property in an arm's-length transaction." Conalco v. Monroe Cty. Bd. ofRevision (1977), 50 Ohio St.2d 129, paragraph one of the syllabus. See, also, Lakeside Ave. L.P. v. Cuyahoga Cty. Bd. ofRevision (1996), 75 Ohio St.3d 540, 543 (hereinafter "Lakeside"). In Ratner v. Stark Cty. Bd. of Revision (1986),23 Ohio St.3d 59, syllabus, a majority of the Ohio Supreme Court held that "[a]lthough the sale price is the `best evidence' of true value of real property for tax purposes, it is not the only evidence. A review of independent appraisals based upon factors other than the sale price is appropriate where it is shown that the sale price does not reflect true value." "Nevertheless * * * there exists a rebuttable presumption that the sale price reflects true value." Lakeside, at 544, citing Ratner, at 61. Here, because the property was sold for $315,000 in 1997, there was a rebuttable presumption that the sale price of $315,000 reflected true value for taxation purposes.
 {¶ 7} "If evidence had been introduced * * * which had shown that the sale was not an arm's-length transaction, the rebuttable presumption that sale price reflects true value either would never have arisen or it would have disappeared." CincinnatiSchool Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision
(1997), 78 Ohio St.3d 325, 328. Stated differently, "if the sale was not an arm's-length transaction, the rebuttable presumption has been rebutted, and the sale price would not be the best evidence of true value." Columbus Bd. of Edn. v. Bd. ofRevision (Jan. 28, 1992), Franklin App. No. 90AP-317 (emphasis sic). See, also, Pingue v. Franklin Cty. Bd. of Revision
(1999), 87 Ohio St.3d 62, 64 ("It is only when the purchase price does not reflect the true value that a review of independent appraisals based upon other factors is appropriate.").
 {¶ 8} The Ohio Supreme Court recently has discussed rebuttable presumptions. "[W]here a rebuttable presumption exists, a party challenging the presumed fact must produce evidence of a nature that counterbalances the presumption or leaves the case in equipoise. Only upon the production of sufficient rebutting evidence does the presumption disappear."Myocare Nursing Home, Inc. v. Fifth Third Bank,98 Ohio St.3d 545, 2003-Ohio-2287, at ¶ 35, citing Carson v. Metro Life Ins.Co. (1951), 156 Ohio St. 104, 108.
 {¶ 9} Appellant argues that once there was "any evidence" demonstrating that the sale price did not result from an arm's length transaction, "the presumption disappeared and the burden remained upon the BOE to establish the increase in value which it sought." (Appellant's brief, at 7-8.) Also, appellant cites to the Ohio Supreme Court's decision in Cincinnati School Dist. Bd.of Edn, at 328, which explained an earlier decision as follows: "The evidence in [Tanson Holdings, Inc. v. Darke Cty. Bd. ofRevision (1996), 74 Ohio St.3d 687] raised the issue of whether the sale was an arm's-length sale. Once evidence was presented that raised this issue, the presumption that sale price reflects true value disappeared, and the burden was on Tanson to show that the sale was an arm's-length sale." We note, however, that "[o]nly upon the production of sufficient rebutting evidence does the presumption disappear." Myocare Nursing Home, supra, at ¶ 35.
 {¶ 10} "[A]n arm's-length sale is characterized by these elements: it is voluntary, i.e., without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest." Walters v. Knox Cty. Bd. ofRevision (1989), 47 Ohio St.3d 23, 24. "Factors involving economic coercion may force a purchase at an excessive price. If so, the sale price is not the most probative evidence of the value of the property." Pingue, supra, at 64.
 {¶ 11} The Ohio Supreme Court, in Lakeside, supra, addressed the issue of whether the BTA's valuation of the property at issue in that case was unlawful or unreasonable. Id. at 543. The court recognized certain facts indicating that the sale was not an arm's-length transaction. Specifically, the price was non-negotiable, the buyer undertook "extraordinary, if not desperate" measures to finance the transaction, and the buyer faced bankruptcy if the property was not purchased. Id. at 549 (stating "[t]he record clearly establishes that [the buyer] never had any real choice but to purchase the property in question. The choice between [the buyer's] survival on the one hand and swift and sure corporate death [bankruptcy] on the other hand presented [the buyer] with no true alternative but to pay the price demanded by the seller."). The Lakeside court concluded that the buyer was compelled to purchase the property at the price fixed by the seller. Id. at 550. Consequently, it held that the sale was not an arm's-length transaction and was not reflective of true value. Id.
 {¶ 12} Prior to her purchase of the property, appellant had operated a "beer and wine drive-through" on the property for approximately 16 years. She had been leasing the property from the seller on a month-to-month basis. Appellant testified at the April 11, 2001 hearing that she purchased the property for $315,000 because she feared her lease would be terminated if she did not purchase the property. She also testified that she was divorced, that her only source of income was from the carry-out business on the property, and that she was afraid that she would lose her business if she did not purchase the property.
 {¶ 13} The case at bar is distinguishable from Lakeside andColumbus Bd. of Edn., which appellant cites as supporting her contention that she was economically compelled to purchase the property for $315,000. In Lakeside, the buyer was left with "no true alternative but to pay the price demanded by the seller." Otherwise, the buyer would have suffered a "swift and sure corporate death." Lakeside, at 549. Also, the buyer inLakeside encountered extreme difficulty in financing the purchase. Id. Here, the record indicates that appellant obtained a loan from Bank One for just over 81 percent of the purchase price ($255,900 out of $315,000). As noted by the BTA, nothing in the record indicates that lenders viewed the purchase price as excessive or "outrageous," as was seen in Lakeside. See id. at 541-542.
 {¶ 14} In Columbus Bd. of Edn., "[t]here was evidence that [the buyer] was compelled to purchase the property in order to protect its present investment in adjoining property in the same block and to insure future development of that property." Under the test applied in Columbus Bd. of Edn., a sale is not the result of an arm's-length transaction when the buyer or seller is "economically required" to buy or sell the property. Id. InColumbus Bd. of Edn., this court found that the "record reflects evidence that [the buyer] did not have a choice in whether to purchase this property or some other property to meet its needs. * * * The subject property was uniquely suited to meet [the buyer's] needs." As correctly noted by appellee, in the case at bar, there is no evidence in the record that the purchased property was "uniquely suited" to meet the needs of appellant. Notably, we find nothing in the record indicating that the business could not have been relocated.
 {¶ 15} Appellant asserts that she was compelled to make the purchase at the sale price because the "drive-through" was her only source of income, and "thus she was under economic duress to protect it." (Appellant's brief, at 4.) Appellant's subjective belief, at the time of the purchase, regarding the pressure to make the purchase for $315,000 is simply inconsequential to our analysis. Rather, we must determine whether the evidence regarding the circumstances surrounding this particular purchase is sufficient to rebut the presumption that the sale price reflected true value. See Lakeside, at 548. We find that appellant has failed to show that she was compelled to purchase the property. Despite appellant's arguments to the contrary, we are unpersuaded that appellant's testimony regarding her fear that the lease would be terminated, the possible cessation of her business on the property, and her status as a divorcée, are sufficient to establish the type of circumstances that rebut the presumption that the sale price reflected true value and show that the sale was not an arm's-length transaction. Thus, appellant failed to produce sufficient evidence to rebut the presumption that the sale price reflected true value.
 {¶ 16} Appellant asserts that the BTA improperly shifted the burden of proof to appellant by "changing the subjective standard to an objective standard." (Appellant's brief, at 2.) InLakeside, the Ohio Supreme Court resolved the issue of the "proper standard to apply in determining whether a sale of property was an arm's-length transaction and the best evidence of true value." Id. at 547. The court held that the "compelling business circumstances of the type at issue in this case are clearly sufficient to establish that a recent sale of property was neither arm's-length in nature nor representative of true value." Id. at 548. The court analyzed the circumstances surrounding the purchase and concluded that the purchase was not "voluntary, i.e., without compulsion or duress." Id. Just as inLakeside, the BTA evaluated the circumstances surrounding the purchase to determine whether appellant has presented sufficient evidence to establish that the sale was neither arm's length in nature nor representative of true value. Thus, we find appellant's assertion that the BTA applied the wrong standard to be without merit.
 {¶ 17} Appellant asserts that the BTA erred by "refusing to consider" the appraisal evidence and "refusing to ultimately adopt that evidence in setting the true value of the property." In this case, because the presumption that the sale price reflected true value was not rebutted, the BTA correctly concluded that consideration of the appraisal evidence was inappropriate. See Pingue, at 64.
 {¶ 18} We find that the BTA's conclusion that the December 1997 sale of the property was an arm's-length transaction and was the best evidence of true value was not unreasonable or unlawful because appellant did not rebut the presumption that the sale price reflected true value. In short, appellant did not produce sufficient evidence to cause the presumption to disappear. The BTA's valuation determination was not unreasonable or unlawful. Accordingly, we overrule appellant's first and third assignments of error.
 {¶ 19} Appellant, by her second assignment of error, asserts that the BTA erroneously based its decision on an incorrect conclusion that the BOR was under a misapprehension regarding the actual sale date. The BTA, in its review of the BOR decision, was required to "determine the taxable value of the property." See R.C. 5717.03. We note that the BTA, in its review of the BOR decision, was required to abide by the standard of review discussed in Black v. Cuyahoga Cty. Bd. of Revision (1985),16 Ohio St.3d 11. In this case, because the parties waived a hearing before the BTA, the BTA was required to make its own independent judgment based on its weighing of the evidence contained in the transcript from the BOR. See Columbus Bd. of Edn. v. FranklinCty. Bd. of Revision (1996), 76 Ohio St.3d 13, 15.
 {¶ 20} In light of the above standard, we find that the BTA's statement regarding the BOR's "misapprehension as to the actual sale date" is insignificant. Even if the BOR was not under a misapprehension as to the actual sale date, the BTA made its own determination as to the amount of time that had passed between the actual sale date and the tax lien date. The BTA correctly found that the transaction was only 13 months from the tax lien date. Accordingly, we overrule appellant's second assignment of error.
 {¶ 21} Having overruled appellant's three assignments of error, we hereby affirm the judgment of the Board of Tax Appeals.
Judgment affirmed.
Watson and Deshler, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.