BUCK STORAGE, INC., Appellant,

v.

BOARD OF REVISION OF CLARK COUNTY, OHIO, Appellee.

[Cite as *Buck Storage, Inc. v. Clark Cty. Bd. of Revision,*
172 Ohio App.3d 250, 2007-Ohio-2964.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 06–CA–43.

Decided June 15, 2007.

Joseph C. Brucker, for appellant.

Robert M. Morrow; Steve Schumaker, Clark County Prosecuting Attorney, and William Hoffman, Assistant Prosecuting Attorney, for appellee.

BROGAN, Judge.

{¶ 1} Buck Storage, Inc., appeals from the judgment of the Clark County Common Pleas Court that affirmed the decision of the board of revision concerning the valuation of certain real estate located in Springfield, Ohio.

{¶ 2} On March 30, 2005, Buck Storage purchased the premises at 501 West Liberty Street in Springfield from ITT Industries, Inc., for $75,000. The property was originally listed by Levine Realty in April 2000 for $495,000. The property is situated on 3.24 acres and includes a building containing 83,000 square feet. The structure was built in 1880, and the last significant work on it was in 1955. The listing agent, Douglas Cox, testified that the property had been on the market for four years prior to the sale to Buck Storage. Cox testified that the sale was an arm's-length transaction. Cox testified that the listing price was reduced in 2003 to $250,000 and that the property was still listed at that price as of the tax lien date of January 1, 2004. Cox said that the purchase agreement did not allocate a separate price for the personal property on the building premises. Cox stated that the seller vacated the property in 2000, and efforts to lease the property prior to the sale were unsuccessful. Cox said that the roof leaked and the property's condition declined somewhat from January 2004, the tax lien date.

{¶ 3} Harry Denune, who represented Buck Storage in the purchase of the property, said that the building contained personal property worth $9,750, including a forklift, a drill press, and copper duct work. Denune stated that the personal property belonged to ITT as of the tax lien date of January 2004.

{¶ 4} Appellant agrees that it did not include a separate value for personal property on the Clark County Auditor's conveyance form, and the value listed by Buck Storage on the form was $75,000.

{¶ 5} Buck Storage contended before the board that it should reduce the tax valuation of the property to $65,250 to reflect the personal property found within the building at its purchase. The board of revision reduced the valuation of the parcels to $149,090, without explanation. The trial court affirmed the board's decision because the personal property was not separately listed on the conveyance form, the sale had occurred 15 months after the tax lien date, and the "building suffered a casualty in the form of a deteriorating roofing system."

{¶ 6} In two related assignments of error, Buck Storage contends that the trial court's judgment is against the manifest weight of the evidence. Specifically, Buck Storage argues that the undisputed evidence presented to the board and the trial court is that the true value of the real estate is $65,250.

{¶ 7} The Ohio Supreme Court has consistently held that the true or fair-market value of property for tax purposes is a question of fact, the determination

of which is primarily the province of the taxing authorities, and that a court should not disturb a decision of the Board of Tax Appeals ("BTA") with respect to such a valuation unless it affirmatively appears that that decision is unreasonable or unlawful. *Bd. of Revision of Cuyahoga Cty. v. Fodor* (1968), 15 Ohio St.2d 52, 44 O.O.2d 30, 239 N.E.2d 25.

{¶ 8} R.C. 5713.03 provides as follows: "In determining the true value of any tract, lot, or parcel of real estate under this section, if such tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes. However, the sale price in an arm's length transaction between a willing seller and a willing buyer shall not be considered the true value of the property sold if subsequent to the sale:

"(A) The tract, lot, or parcel of real estate loses value due to some casualty;

"(B) An improvement is added to the property."

{¶ 9} The Supreme Court has consistently held that the best evidence of the true value in money of real property is an actual, recent sale of the property in an arms-length transaction. *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782. In this matter, there was no evidence provided to refute Douglas Cox's testimony that the March 2005 sale to appellant was an arm's-length transaction. There was evidence that the roof of the building began to leak at a greater rate within the year prior to the sale. Douglas Cox testified that the condition of the building had declined in the last year prior to the sale, but he had no way to evaluate how much the property had declined.

{¶ 10} Recently, the Ohio Supreme Court again addressed the standard of review required of board of revision determinations in valuation appeals in *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22. Justice O'Connor wrote:

{¶ 11} "The common thread running through these cases consists of (1) the presentation of evidence by a party who challenges the board of revision's determination, (2) the tendency of that evidence to undermine or contradict the board of revision's determination, and (3) the absence of evidence offered in rebuttal. In each case, the BTA found that the challenger failed to meet its burden of persuasion. Next, the BTA in each of the cases reverted to the board of revision's determination without pointing to any evidentiary basis for doing so.

{¶ 12} "In all three cases, we reversed the BTA. We rejected the notion that board of revision determinations should be accorded a presumption of validity. *Columbus [Bd. of Edn. v. Franklin Cty. Bd. of Revision]* (1996), 76 Ohio St.3d

[13,] 15, 665 N.E.2d 1098; *Amsdell [v. Cuyahoga Cty. Bd. of Revision]*, 69 Ohio St.3d [572,] 573, 635 N.E.2d 11; accord *Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision* (1994), 68 Ohio St.3d 493, 494, 628 N.E.2d 1365. We held that the BTA 'is required to meet the standard enunciated in *Black [v. Cuyahoga Cty. Bd. of Revision* (1985), 16 Ohio St.3d 11, 16 OBR 363, 475 N.E.2d 1264],' under which the BTA must independently weigh and evaluate the evidence before it in order to make a determination concerning the valuation of the property. *Columbus* (1996) at 15, 665 N.E.2d 1098. We noted that '[w]hen the BTA determines value for a property, that value is a finding of fact,' and as such the BTA's determination of value 'must be supported by the evidence.' *Columbus [City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision]* (2001), 90 Ohio St.3d [564,] 565, 740 N.E.2d 276. Because '[t]he record the BTA received from the BOR in this matter contained no testimony or evidence to support the BOR's valuation,' and because no party before the BTA presented evidence in support of the board of revision's valuation, the BTA 'affirmed a valuation that was not supported by any evidence.' Id. at 567, 740 N.E.2d 276. And as already noted, we declared that this court 'cannot affirm a determination of value by the BTA that is not supported by sufficient probative evidence.' Id." *Dayton–Montgomery Cty. Port Auth.*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 23–24.

■ {¶ 13} Buck Storage argues that the board of revision's refusal to reduce the true value of the subject real estate to $65,250 was arbitrary and ignored the unrefuted evidence presented to it. We agree that the board acted arbitrarily in assigning a value to the property of $149,090. We do not agree that the board was required to accept the value of $65,250 as the true value of the property as of the tax lien date, because the personal property was not separately accounted for in the recent sale, and Buck Storage did not include a separate value for the personal property on the Clark County auditor's conveyance form. See *Buck Warehouses, Inc. v. Clark Cty. Bd. of Revision*, Clark App. No. 06–CA–44, 2007-Ohio-2132, 2007 WL 1299700. There was, however, no evidence presented to refute the testimony that the $75,000 paid for the building and adjacent parcels was not an arm's-length transaction and was not its fair or true value. The assignment of error is sustained in part. The judgment of the trial court is reversed, and the cause is remanded for the trial court to enter a judgment in conformance with this opinion.

Judgment reversed
and cause remanded.

WOLFF, P.J., and DONOVAN, J., concur.