OPINION
{¶ 1} Appellees-appellants, Franklin County Auditor and Board of Education of the Columbus City School District (collectively, "appellants"), appeal from the judgment of the Franklin County Court of Common Pleas, which reversed a decision by the *Page 2 
Franklin County Board of Revision ("board"). For the following reasons, we reverse the decision of the trial court.
 {¶ 2} Appellant-appellee, Reywal Co. Limited Partnership ("appellee"), filed five complaints with the board regarding the auditor's valuation and assessments for five parcels of property owned by appellee near the Columbus International Airport. The complaints sought to decrease the taxable value of each parcel and alleged that no improvements had been made to the property "in the past five years." The board of education filed counter-complaints regarding three of the parcels and sought confirmation of the auditor's current value for each parcel.
 {¶ 3} The board held a hearing on September 11, 2006. Robert Albright appeared as the owner of the property. Albright testified that the tax bills for each of the five parcels showed significant tax increases in the first half of 2005. He stated that the bills identified buildings on each parcel, even though there were buildings on only two of the parcels. As to Parcel 010-010269, the following exchange occurred:
 MR. ALBRIGHT: * * * And it's a tax increase of 120 percent with no improvements having been made on the property at all in five years. None.
 MR. GORRY: Was there paving?
 MR. ALBRIGHT: Well, it was paved five years ago.
 MR. STROUD: They didn't pick it up until that year. You got off light for the other years.
(Tr. at 4.)
 {¶ 4} As to Parcel 190-001675, Albright similarly testified that the tax bill for the first half of 2005 represented an increase of more than 100 percent, even though "[t]here had been no improvements to that property in five years, for the past five years. *Page 3 
It — it was always paved. It was paved long before that. The evaluation increase was [$]72,980. We believe that's wrong." (Tr. at 5.)
 {¶ 5} As to Parcel 190-000144, Albright testified that the tax bill for 2005 represented "a 41 percent tax increase with no improvements to the property in five years. The valuation increase was [$]69,130. We don't know where they got that from because there's no change in the property in that period of five years." (Tr. at 5-6.)
 {¶ 6} As to Parcels 190-000333 and 190-000426, Albright also stated that no buildings appeared on the parcels and no improvements had occurred in five years. He also noted that the board of education had not opposed his complaints as to those parcels.
 {¶ 7} In response to questions from board members, Albright stated that appellee leased the property to Sun Park, which used it as a parking lot and shuttle service for airport travelers. Albright stated that appellee entered into the lease five or more years ago and that the rental amount was $20,000 per month.
 {¶ 8} After a recess, board member Stroud made statements on the record. He stated that the board had reviewed "the Auditor's mapping system" and identified the five parcels. (Tr. at 16.) "However, the economic unit is comprised of more than just these five parcels." (Tr. at 16.) He expressed the board's view that it would have "been better to value the entire economic unit and then maybe allocate after that, which was not done." (Tr. at 16.) He continued:
 Number two, on that same line of thought, there was no competent or probative evidence of value presented for our consideration this morning.
 And number three, lastly, the lease income, this Board feels, more than supports the Auditor's current values of these *Page 4 
parcels. As a result, the Auditor recommends no change in the value of any one of these parcels * * *.
(Tr. at 16.)
 {¶ 9} Board member Colliver noted her agreement. The board subsequently issued decision letters, which upheld the auditor's valuations for all five parcels and the increased tax amounts for 2005.
 {¶ 10} Appellee appealed to the trial court and challenged the board's decisions on three of the five parcels. In its brief to the court, appellee argued that the tax bills (which appellee attached to its brief) for these three parcels identified a valuation designation of "B," which stood for "building." Appellee argued that there were no buildings on any of the three parcels and that there had been no improvements (buildings or paving) within the past five years. Therefore, appellee argued, the increases in valuations for these parcels could not be correct.
 {¶ 11} In response, the board of education explained that the designation "B" on the tax bills identified all improvements, not just buildings. While no buildings existed on the parcels, improvements, specifically, blacktop paving, did exist. The board of education asserted that the board's duty was to determine the total valuation of the parcels, not just the improvements, and appellee had presented no evidence relating to the total valuation of the parcels.
 {¶ 12} On May 9, 2007, the trial court rendered its decision, which reversed the board's decision. Specifically, the trial court found that appellee had presented uncontroverted evidence that no buildings existed on the parcels at issue. On this basis, the court found that the board's decisions upholding the valuations were in error. *Page 5 
 {¶ 13} Appellants filed a timely appeal, and they present the following assignments of error:
 Assignment of Error No. 1 :
 The Decision of the Common Pleas Court Violates Article XII, Section 2 of the Ohio Constitution and the Statu[t]es Enacted Thereunder.
 Assignment of Error No. 2:
 The Common Pleas Court Erred in Relying On Appellee's Tax Bills To Determine The True Value Of Appellee's Real Property.
 {¶ 14} We begin with appellants' second assignment of error, which asserts that the trial court erred when it relied on appellee's tax bills in determining the value of the property. Appellants also assert that the court failed to perform its statutory duty to determine the taxable value of the property, including the improvements on that property. To resolve these issues, we begin with the applicable statutory scheme.
 {¶ 15} R.C. 5715.01 authorizes the tax commissioner to "direct and supervise the assessment for taxation of all real property." The commissioner's rules for determining the "true value and taxable value" of property must provide that "all facts and circumstances relating to the value of the property, its availability for the purposes for which it is constructed or being used, its obsolete character, if any, the income capacity of the property, if any, and any other factor that tends to prove its true value shall be used." Id. From the true value, the commissioner determines the taxable value of each "parcel of real property and improvements thereon." Id.
 {¶ 16} County auditors, under the direction of the tax commissioner, are the "chief assessing officers" for their respective counties, and they must list and value the *Page 6 
real property within those counties for tax purposes. Id. Each county also has a county board of revision, which has authority to "hear complaints and revise assessments of real property for taxation." Id.
 {¶ 17} Here, appellee filed its complaints pursuant to R.C.5715.19(A)(1)(d), which provides for appeals from "[t]he determination of the total valuation or assessment of any parcel that appears on the tax list." The board must render a decision on the complaint, and a complainant may then appeal that decision to the board of tax appeals or the common pleas court. See R.C. 5717.01, 5715.05. As to appeals filed in the court, R.C. 5717.05 provides, in pertinent part: "The court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence. It shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of."
 {¶ 18} The Supreme Court of Ohio has explained that R.C. 5717.05
"requires more than a mere review" of the board's decision. Black v. Bd.of Revision (1985), 16 Ohio St.3d 11, 14. However, "that review may be properly limited to a comprehensive consideration of existing evidence and, in the court's discretion, to an examination of additional evidence." Id. The common pleas court must "consider all such evidence and determine the taxable value through its independent judgment." Id. Thus, "[i]n effect, R.C. 5717.05 contemplates a decision de novo. It does not, however, provide for an original action or trial de novo." Id.
 {¶ 19} Accordingly, this court has stated that "a trial court's analysis of the evidence should be thorough and comprehensive." TallPines Holdings, Ltd. v. Testa, Franklin App. No. 04AP-372,2005-Ohio-2963, at ¶ 18. This type of review ensures that *Page 7 
a court's final determination is not a mere rubber stamping of the board's decision, "but rather an independent investigation and complete reevaluation" of the board's "value determination." Id.
 {¶ 20} In contrast, on appeal from the trial court, our review is limited to determining whether the trial court's judgment constituted an abuse of discretion. Id. at ¶ 19. We will not reverse the trial court's judgment unless it is unreasonable, arbitrary or unconscionable. Id., citing Jennings Churella Constr. Co. v. Lindley (1984),10 Ohio St.3d 67, 70. Accord JRB Holdings, LLC v. Wayne Cty. Bd. of Revision, Wayne App. No. 05CA0048, 2006-Ohio-1042, at ¶ 7.
 {¶ 21} Here, we agree with appellants that the trial court abused its discretion by reviewing only the tax bills and failing to determine the taxable value of the property. Included in the certified record are copies of property record cards for all five parcels. These cards clearly identify improvements used for "B.T. PAV." They each provide a usage area and a value, among other information and statistics. Thus, appellee's argument, and the trial court's finding, that the uncontroverted evidence showed a lack of buildings on the property is beside the point and did nothing to demonstrate the taxable value of the property, as R.C. 5717.19 requires. As R.C. 5715.01 indicates, the issue for tax valuation purposes is whether improvements exist, and they clearly exist here.
 {¶ 22} Notations on each of the property record cards also indicate that prior assessments may not have accounted for the paving on the parcels. See, e.g., Property Record Card for Parcel 010-010269-00 ("MISSED PAVEMENT FOR PARKING LOT"). As board member Stroud indicated at the hearing, it may be that prior *Page 8 
assessments failed to account for the paving improvement and that appellee benefited from that failure.
 {¶ 23} On that point, appellee argued before the board, the trial court, and this court that the paving had existed for more than five years and/or that no improvements had occurred in the past five years. In other words, there could be no tax increase if no changes had occurred since the last assessment. However, appellee has offered no precedent, statutory or otherwise, for a prohibition or limitation upon the auditor's ability to value property based on the improvements that actually exist, regardless of whether prior valuations accounted for those improvements or whether they occurred within the past five years.
 {¶ 24} In fact, the Ohio Supreme Court rejected a similar argument inFreshwater v. Belmont Cty. Bd. of Revision (1997), 80 Ohio St.3d 26,1997-Ohio-362, where the complaining property owners argued that the board of tax appeals should determine a property's true value by taking the prior year's value and making adjustments to that value based on changes in the property's income. The court recognized that the owners' "argument, although not stated as such, is that the prior year's valuation should be deemed to be correct, and changes in the prior year's valuation should be made only in response to changes which have occurred since the date of the last valuation." Id. at 28. The court disagreed and noted "a number of problems with appellants' proposal." Id. The court described those problems, as follows:
 * * * First, the valuation for the prior year, which appellants would deem to be correct and which would serve as the base from which the change would be measured, may not be correct. Second, a hearing on valuation would change from a determination of true value at a given point in time to *Page 9 
a determination of the amount of change since the last assessment.
 Finally, and most important, the burden of proof before the [board of revision] in a case like this would shift from the property owner to the county auditor. This shift would occur when the value determined by the auditor was different from the value of the prior year's assessment. * * *
Id.
 {¶ 25} Thus, the Freshwater owners' proposal, and the proposal appellee advocates here, would shift the burden from the property owner to the auditor to explain the change or, in this case, the reason for the increase. In the face of such a proposal, however, the court clearly held that "the burden of proof before a board of revision is not on the auditor, it is on the party seeking to change or affirm the auditor's assessment." Id. See, also, Fawn Lake Apts. v. Cuyahoga Cty. Bd. ofRevision (1999), 85 Ohio St.3d 609, 612, 1999-Ohio-323 (stating that the purpose of the hearing before the board of tax appeals "is to determine the taxable value of the real property as of a given tax lien date. A determination of taxable value as of a given tax lien date does not involve the valuation at a prior tax lien date").
 {¶ 26} As the complaining party here, appellee held the burden of proving that the auditor's valuations were wrong. However, while he asserted that he could not explain the valuations because no changes had occurred since the last assessment, Albright offered no independent evidence to support his arguments that the auditor's valuations were incorrect. He admitted that there is paving on the property and that these improvements help generate rental income of $20,000 per month. He offered nothing to rebut the property record cards, which clearly identify, describe, and assess a value for existing improvements. In the face of such overwhelming evidence, his offer *Page 10 
of tax bills showing designations indicating "buildings," rather than "improvements," on the property was irrelevant to a determination of the property's taxable value.
 {¶ 27} For these reasons, we find that the trial court abused its discretion in reversing the board's decisions as to the valuations and assessments upon the three parcels at issue, and we sustain appellants' second assignment of error. Our finding in this respect renders a decision on their first assignment of error unnecessary, and we find that it is moot.
 {¶ 28} In conclusion, we find that appellants' first assignment of error is moot, and we sustain appellants' second assignment of error. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas.
Judgment reversed.
 BROWN and McGRATH, JJ., concur. *Page 1