OPINION
{¶ 1} Appellant, Ronald R. Kister, appeals from the May 11, 2007 decision and order of the Ohio Board of Tax Appeals ("Board of Tax Appeals"), affirming the decision of the Ashtabula County Board of Revision ("Board of Revision").
 {¶ 2} On August 9, 2006, appellant filed a notice of appeal with the Board of Tax Appeals, appealing the decision of the Board of Revision, which determined that the *Page 2 
true value of his property for tax year 2005 totaled $251,700. Appellant alleged that the correct value of the property was $110,000.
 {¶ 3} The property, consisting of vacant land located in Ashtabula Township, is identified as parcel numbers 03-030-00-084-00 ("first parcel"), 03-030-00-141-00 ("second parcel"), and 03-030-00-142-00 ("third parcel"). Both the county auditor and the Board of Revision found that the first parcel was valued at $37,600, the second parcel was valued at $112,900, and the third parcel was valued at $101,200.
 {¶ 4} A hearing was held before the Board of Tax Appeals on January 17, 2007.
 {¶ 5} Appellant claimed that the first parcel was valued at $10,000, and the second and third parcels were valued at $50,000 each. He supported his claimed values with the sales of two nearby properties and the comparative tax valuations taken from the auditor's records for those properties.
 {¶ 6} Pursuant to its May 11, 2007 decision and order, the Board of Tax Appeals found that there was no evidentiary value to comparing county tax valuations of other properties to those subject in appellant's case and rejected his argument. The Board of Tax Appeals affirmed the decision of the Board of Revision, finding the true value of the subject parcels for tax year 2005 was $37,600 for the first parcel, $112,900 for the second parcel, and $101,200 for the third parcel, for a total of $251,700. It is from that judgment that appellant filed a timely notice of appeal with this court, asserting the following two assignments of error for our review:
 {¶ 7} "[1.] The Board of Tax Appeals erred in finding that appellant failed to come forward with evidence which demonstrated appellant's right to the values sought. *Page 3 
 {¶ 8} "[2.] The Board erred in not requiring appellees to provide sufficient evidence to rebut appellant's evidence."
 {¶ 9} In his first assignment of error, appellant argues that the Board of Tax Appeals erred in finding that he failed to come forward with evidence which demonstrated his right to the values sought. He asserts the following four issues: (1) whether his interpolation of the acreage values for his parcels and nearby parcels supports his right to the values sought; (2) whether his opinion of value as an owner of the property was properly rejected by the Board of Tax Appeals; (3) whether he established credentials as an expert to testify as to the value of the parcels; and (4) whether the Board of Tax Appeals properly rejected the tax value of adjacent properties.
 {¶ 10} "The applicable standard of review under [R.C. 5717.04] is whether the Board's decision is `reasonable and lawful' for affirmance, and `unreasonable and unlawful' for reversal." Gen. Am. Transp. Corp. v.Limbach (Dec. 30, 1983), 11th Dist. No. 3268, 1983 Ohio App. LEXIS 12463, at 2. These statutory guidelines are reinforced by case law.
 {¶ 11} "The Ohio Supreme Court has decided that in an appeal from a decision of the Board of Tax Appeals, the Courts function `is to review the board's decision to determine if it is reasonable and lawful. (* * *) As long as there is evidence which reasonably supports the conclusion reached by the board, the decision must stand.' Mobile Instrument Serv.and Repair, Inc. v. Tax Commr. of Ohio (Dec. 6, 2000), 3d Dist. No. 8-2000-20, 2000 Ohio App. LEXIS 5670, at 5, quoting Highlights forChildren, Inc. v. Collins (1977), 50 Ohio St.2d 186, 187-188 * * *. See also, PPG Industries, Inc. v. *Page 4 Kosydar (1981), 65 Ohio St. 2d 80 * * *; American Steamship Co. v.Limbach (1991), 61 Ohio St. 3d 22 * * *." (Parallel citations omitted.)
 {¶ 12} "The Court of Appeals is bound by the record that was before the Board of Tax Appeals and may not substitute its judgment for that of the board. Denis Copy Co. v. Limbach (1992), 76 Ohio App.3d 768 * * *. Additionally, the Board of Tax Appeals has wide discretion in determining the weight to be given the evidence and the credibility of witnesses that come before it. Cardinal Fed. S. L. Assn. v. CuyahogaCty. Bd. of Revision (1975), 44 Ohio St.2d 13 * * *. Finally, we note that the burden of demonstrating that the determination is unlawful and unreasonable falls upon the appellant * * *. R.C. 5717.04;Hatchadorian v. Lindley (1986), 21 Ohio St.3d 66 * * *." MobileInstrument, supra, at 5-6. (Parallel citations omitted.)
 {¶ 13} The Supreme Court of Ohio, in Dayton-Montgomery Cty. Port Auth.v. Montgomery Cty. Bd. of Revision, 113 Ohio St.3d 281, 2007-Ohio-1948, at ¶ 27, recently stated:
 {¶ 14} "* * * [W]hen the evidence presented to the board of revision or the BTA contradicts the auditor's determination in whole or in part, and when no evidence has been adduced to support the auditor's valuation, the BTA may not simply revert to the auditor's determination. Whenever it does so, the BTA is acting unlawfully by making a finding of value that is affirmatively contradicted by the only evidence in the record."
 {¶ 15} With respect to his first issue, a party who asserts a right to an increase or decrease in the value of real property has the burden to prove the right to the value asserted. Cleveland Bd. of Edn. v. CuyahogaCty. Bd. of Revision (1994), 68 Ohio St.3d 336, 337; Crow v. CuyahogaCty. Bd. of Revision (1990), 50 Ohio St.3d 55, 57. It *Page 5 
is incumbent upon the party challenging the decision of a board of revision to come forward and offer evidence which demonstrates its right to the value sought. Cleveland Bd. of Edn., supra, at 337. Once an appellant has presented competent and probative evidence of true value, other parties asserting a different value then have a corresponding burden of providing sufficient evidence to rebut the appellant's evidence. Springfield Local Bd. of Edn. v. Summit Cty. Bd. ofRevision (1994), 68 Ohio St.3d 493, 495.
 {¶ 16} In the case at bar, appellant provided the Board of Tax Appeals with a detailed explanation regarding how he calculated the interpolated per acre value of the parcels at issue. No party before the Board of Tax Appeals presented any evidence to rebut appellant's evidence. SeeBuck Storage, Inc. v. Clark Cty. Bd. of Revision, 172 Ohio App.3d 250,2007-Ohio-2964, at ¶ 12.
 {¶ 17} Appellant's first issue is with merit.
 {¶ 18} Regarding his second issue, as the owner, appellant was competent to present his opinion of the value of his property.Amsdell v. Cuyahoga Cty. Bd. of Revision (1994), 69 Ohio St.3d 572, 574.
 {¶ 19} In the instant matter, appellant established that he purchased the properties at issue; paid taxes on them; collected rents from billboard rentals; and was familiar with the zoning requirements as well as with the neighborhood. Here, the Board of Tax Appeals erred by rejecting appellant's testimony, since appellant, as a property owner, was competent to present his opinion of the value of his property.
 {¶ 20} Appellant's second issue is with merit. *Page 6 
 {¶ 21} With regard to his third issue, for this court to find that the Board of Tax Appeals abused its discretion when it determined that appellant was not qualified as an expert, we must find something "`more than an error of law or judgment.'" The Board of Tax Appeal's attitude must have been "`unreasonable, arbitrary or unconscionable.'" Remy v.Limbach (Aug. 24, 1989), 4th Dist. Nos. 88 CA 5, 88 CA 6, 88 CA 7, 1989 Ohio App. LEXIS 3363, at 10, quoting State v. Apanovich (1987),33 Ohio St.3d 19, 22. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. State v.Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 22} Evid.R. 702 provides in part:
 {¶ 23} "A witness may testify as an expert if all of the following apply:
 {¶ 24} "(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 {¶ 25} "(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 {¶ 26} "(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. * * *"
 {¶ 27} Here, appellant alleges that as a real estate developer, he is qualified as an expert in the area of real estate appraisal, stressing that most of the appraisers in the county call him for values; he manages two hundred tenants; he is more qualified than most appraisers; and he has been buying and developing land since 1963. We agree. *Page 7 
 {¶ 28} First, appellant demonstrated that his testimony related to matters beyond the knowledge of laypersons. Evid.R. 702(A). Second, he established that he had specialized knowledge, skill, experience, training, or education with respect to real estate appraisals. Evid.R. 702(B). Third, appellant indicated how his testimony was based on reliable scientific, technical, or other specialized information. Evid.R. 702(C). Thus, appellant qualified himself as an expert. The Board of Tax Appeals erred by failing to rely on his credentials.
 {¶ 29} Appellant's third issue is with merit.
 {¶ 30} With respect to his fourth issue, the Board of Tax Appeals relied on the following proposition of law: "`[m]erely showing that two parcels of property have different values (or in this case roughly the same values) without more does not establish that the tax authorities valued the properties in a different (same) manner.'" Sherman v. Bd. ofTax Appeals (Mar. 9, 2000), 8th Dist. No. 75971, 2000 Ohio App. LEXIS 928, at 9, quoting WJJK Investments, Inc. v. Licking Cty. Bd. ofRevisions (1996) 76 Ohio St.3d 29, 31.
 {¶ 31} We note that WJJK, supra, does not stand for the proposition that auditor's records cannot be used to show values. Id. at 31. Appellant properly arrived at a "ratio" of value per acre for adjoining properties. Appellant clearly used more than just the auditor's records to establish values. He also used his own background and experience; testified with respect to the zoning requirements of the lots; his personal experience in purchasing another corner lot in the area; and the difficulties the Ashtabula area has experienced in general. The Board of Tax Appeals abused its discretion by rejecting the tax value of the adjacent properties. *Page 8 
 {¶ 32} Appellant's fourth issue is with merit.
 {¶ 33} Accordingly, appellant's first assignment of error is well-taken.
 {¶ 34} In his second assignment of error, appellant contends that the Board of Tax Appeals erred in not requiring the Board of Revision to provide sufficient evidence to rebut his evidence.
 {¶ 35} A taxpayer has a duty to prove his right to a reduction in tax value, and must present sufficient, probative evidence to support his claimed tax value. Cleveland Bd. of Edn., supra, at 337. Once this evidence is presented, the party asserting a different value must present evidence sufficient to rebut the taxpayer's evidence of tax value. Springfield Local, supra, at 495.
 {¶ 36} In the instant case, appellant presented sufficient evidence to support a change in the value of the property for tax purposes. However, no party before the Board of Tax Appeals presented any evidence to rebut appellant's claimed tax values. See Buck Storage, supra, at ¶ 12.
 {¶ 37} Appellant's second assignment of error is with merit.
 {¶ 38} For the foregoing reasons, appellant's assignments of error are well-taken. The decision of the Board of Tax Appeals is reversed and the matter is remanded to the Board of Tax Appeals for further proceedings consistent with this opinion. It is ordered that appellees are assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1