DECISION. *Page 2 
{¶ 1} Defendant-appellant, the Hamilton County Auditor, appeals from the judgment of the court of common pleas establishing that the true value of property owned by plaintiff-appellee, the Anderson Township Historical Society, Inc. ("the ATHS"), was $177,000. The board of revision had previously determined that the value of the property was $316,000 — the price the ATHS had paid for the property in 2005. The property consists of three parcels of land[1] at 2560 Bartels Road, Cincinnati. It is located on a hillside above an eighteenth-century log house owned by the ATHS. The auditor contends that the trial court erred by ignoring the recent arm's-length sale price in determining the property value. We agree.
 {¶ 2} The ATHS is a nonprofit organization formed to preserve the log house as an historical landmark. The Bartels Road property was owned by members of the ATHS. In 2004, their heirs decided to sell the property. While the ATHS maintained that the improper use or development of the property would pose a real threat to the preservation of the log house, the property remained on the market for nearly one year. The property was offered for sale at $400,000. The asking price was subsequently reduced to $350,000 and then to $349,000. The ATHS engaged in negotiations with the sellers, and on October 7, 2005, the ATHS purchased the property for $316,000. A real estate commission was paid as part of the sale.
 {¶ 3} In March 2006, the ATHS filed a complaint under RC. 5715.19 with the board of revision, contesting the valuation of the property for tax year 2005. The board heard testimony, and in July 2006, it found the true value of the property to be the *Page 3 
purchase price of $316,000. The ATHS filed an appeal to the Hamilton County Common Pleas Court pursuant to R.C. 5715.05. The case was submitted to the court on the basis of the administrative record from the board of revision.
 {¶ 4} On March 6, 2007, the trial court issued its decision reversing the board's determination and finding that the value of the property was $177,000 — the value requested by the ATHS. We note that the trial court's entry refers to the "taxable value" of the property. It is clear, however, from the court's decision that the court was determining the "true value" of the property as that term is described in R.C.5713.03. In making its findings, the court identified two reasons for rejecting the board's valuation: (1) the sales price was a substantial increase over previous valuations, and (2) development of the property by others would threaten the log house.
 {¶ 5} In his first assignment of error, the auditor contends that the trial court erred in failing to adopt the recent arm's-length sale price as the value of the property. An appeal from the ruling of the board of revision did not require a trial de novo by the common pleas court.[2]
As in this case, the trial court may hear the appeal on the record from the board of revision. Or in its discretion, it may consider additional evidence. A trial court is required to independently determine the value of the property at issue. That judgment shall not be disturbed absent a showing of an abuse of discretion.[3] To abuse its discretion, a court must have acted unreasonably, arbitrarily, or unconscionably.[4]
 {¶ 6} The auditor's first assignment of error is sustained because the trial court had an accurate, legally mandated measure of the property's value at hand and chose to ignore it — the arm's-length sale price. R.C.5713.03 states that "[i]n determining the true *Page 4 
value of any tract, lot, or parcel of real estate under this section, if such tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes." Thus the sale price in a recent arm's-length transaction between a willing seller and a willing buyer shall be considered the true value of the property for taxation purposes.[5] Here the arm's-length-sale valuation was the $316,000 that the ATHS had paid the sellers in October 2005.
 {¶ 7} The trial court first justified its refusal to accept the arm's-length-sale valuation, in part, because the valuation represented a substantial increase over previous values. This reasoning has been rejected by the Ohio Supreme Court because reliance upon possibly inaccurate previous values would impermissibly shift the burden to explain a valuation change from the property owner to the auditor.[6]
 {¶ 8} The trial court's primary justification for rejecting the board's valuation was that the ATHS had been forced to purchase the property for $316,000 to protect the log house against improper development of the property. An arm's-length sale is one characterized as being voluntary, without compulsion or duress, taking place in an open market, with the parties acting in their own self-interests.[7]
If the factors surrounding a sale reflect economic coercion to purchase at an excessive price, the presumption that the sale price reflects true value may be rebutted. In Lakeside Ave. Ltd. Partnership v. CuyahogaCty. Bd. of Revision, the Ohio Supreme Court recognized certain facts indicating that the sale was not an arm's-length transaction. First, the sale price was non-negotiable, *Page 5 
the buyer undertook extraordinary measures to finance the transaction, and the buyer faced bankruptcy, or "swift and sure corporate death," if the property was not purchased.[8] The court concluded that the buyer had been compelled to purchase the property at the price fixed by the seller, and it held that the sale was not an arm's-length transaction and was not reflective of true value.[9]
 {¶ 9} Here, the property was available for purchase on the open market for one year. The ATHS purchased the property for $84,000 less than the initial asking price. There was no evidence in the record to indicate that development of the Bartels Road property was planned by other potential purchasers, or that development of the property by another owner would have threatened the existence of the ATHS. Its subjective belief that it was compelled to make the purchase is "simply inconsequential to our analysis."[10]
 {¶ 10} Since there was no evidence that the purchase price was not the result of an arms-length transaction and that the amount paid did not reflect the true value of the property, the trial court did not exhibit a sound reasoning process to support its decision to reduce the board's valuation.[11] Because the property had been recently sold in an arm's-length transaction for $316,000, the sale price was the true value of that property.
 {¶ 11} In his second assignment of error, the auditor contends that even if the arm's-length sale price was not the true value of the property, the ATHS presented no competent evidence to support the adoption of its suggested valuation. This assignment of error is rendered moot by our resolution of the first assignment of error.[12] *Page 6 
 {¶ 12} Therefore, we reverse the trial court's judgment establishing that the value of the property was $177,000. Pursuant to App.R. 12(B) and 12(C), we enter the judgment that the trial court ought to have rendered and reinstate the "true value" of the property established by the board of revision as $316,000.[13]
Judgment reversed and final judgment entered.
HILDEBRANDT, P. J., HENDON and CUNNINGHAM, JJ.
[1] The three parcels are number 500-0360-0041, number 500-0360-0045, and number 500-0360-0051.
[2] See R.C. 5717.05.
[3] See Black v. Bd. of Revision (1985), 16 Ohio St.3d 11,475 N.E.2d 782, paragraph one of the syllabus; see, also, Harris v. Bd. ofRevision (May 14, 1997), 1st Dist. No. C-960508.
[4] See Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87,482 N.E.2d 1248.
[5] See Berea City Sch. Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. ofRevision, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, at ¶ 13.
[6] See Freshwater v. Belmont Cty. Bd. of Revision, 80 Ohio St.3d 26,28, 1997-Ohio-362, 684 N.E.2d 304; see, also, Reywal Co., Ltd.Partnership v. Testa, 10th Dist. No. 07AP-557, 2007-Ohio-6865, at ¶24.
[7] See Walter v. Knox Cty. Bd. Of Revision (1989), 47 Ohio St.3d 23,546 N.E.2d 932.
[8] 75 Ohio St.3d 540, 549, 1996-Ohio-175, 664 N.E.2d 913.
[9] See id. at 550.
[10] Bd. of Edn. v. Franklin Cty. Bd. of Revision, 10th Dist. No. 03AP-106, 2004-Ohio-586, at ¶ 15.
[11] See AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597; see, also, Buck Storage, Inc. v. Bd. of Revision, 172 Ohio App.3d 250,2007-Ohio-2964, 874 N.E.2d 829.
[12] See App.R. 12(A)(1)(c).
[13] R.C. 5713.03. *Page 1